IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CR. NO. 03-1-00494-02 SOM |
| Plaintiff, | ) DECLARATION OF DAVID GLENN<br>) BETTENCOURT |
| vs. | ) |
| JACOB LYMAN         (02) | ) |
| Defendant. | ) |

### DECLARATION OF DAVID GLENN BETTENCOURT

I, DAVID GLENN BETTENCOURT, declare as follows:

1. That I am the legal counsel for Defendant JACOB LYMAN, and based this Declaration upon your Declarant's personal investigation of this and related proceedings, the official files of this Court, the discovery provided by Plaintiff UNITED STATES OF AMERICA;

2. Your Declarant adopts by reference the contents of the attached motion;

3. Your Declarant attempted to obtain, through the Bureau of Prisons, the temporary release of Defendant JACOB LYMAN in order for him to be a kidney donor for his mother Ginettte Kalikolehua Lyman, who was on a waiting list for a transplant for nearly five years;

4. Ginettte Kalikolehua Lyman became to ill to be considered a candidate for surgery, and passed away on 19 July 2006, shortly before Defendant JACOB LYMAN was returned to the District of Hawaii for hearing on the government's Rule 35 H.R.Cr.P. motion to reduce his sentence;

5. The services for Ginettte Kalikolehua Lyman are to conduced at Saint Ann's Church, 46-129 Haiku Road, Kaneohe, Hawaii commencing at 8:30 a.m., with a lunch to follow at the same location at 12:00 p.m.;

6. Defendant JACOB LYMAN's father, Kenneth J. Lyman, is now the sole owner of the family residence situate at 45-537 Duncan Drive, Kaneohe, Hawaii (T.M.K. No. 4-5-43-44) valued at greater than $500,000 with an outstanding first mortgage on $238,000.00 in favor of American Savings Bank F.S.B.;

7. Defendant JACOB LYMAN's father Kenneth J. Lyman is willing to secure said bond, if time permits to prepare and file the appropriate documents, by his personal residence situate at 45-537 Duncan Drive, Kaneohe, Hawaii (T.M.K. No. 4-5-43-44;

8. Your Declarant and Defendant JACOB LYMAN have attempted for the past two weeks to process an application for release through the Bureau of Prisons, but was informed on 9 August 2006 that said Bureau of Prisons had not jurisdiction or authority to approve such a release on the ground that he is technically in the custody of the United State's Marshal's Service;

9. Your Declarant is personally aware that another federal defendant, Mr. Solomon Martin, a multiple federal offender and former government informant who death in multi kilo quantities of methamphetamine per week in the Waimanalo-Kailua area, was allowed nearly a month of release to attend his father's funeral with the permission and agreement of the government;

10. Your Declarant has been informed by AUSA Chris Thomas that the Office of the United States Attorney for the District of Hawaii has adopted a new office policy that they cannot approve and stipulate to any such release as is being requested, but must instead completely defer to the position taken in each case by the United State's Marshal's Service;

11. Your Declarant did no file this motion previously as he was informed by all concerned that only the Bureau of Prison's had jurisdiction or authority;

12. Your Declarant has been present each and every time Defendant JACOB LYMAN has been debriefed by federal agents in this matter, except for Defendant JACOB LYMAN's first statement made immediately following his arrest, and knows from his own personal conversations with several government investigators that they have at all times been satisfied that Defendant JACOB LYMAN was being completely truthful and cooperative

13. Defendant JACOB LYMAN has from the very instant of his arrest taken responsibility for his conduct, has answered the government's interrogation questions fully and honestly, has had no discipline of any kind subsequent to his arrest, and is not and never was considered a flight risk;

14. Your Declarant knows from is own personal observations that Defendant JACOB LYMAN has from the very instant of his arrest taken responsibility for his conduct, has answered the government's interrogation questions fully and honestly, has had no discipline of any kind subsequent to his arrest, and is not and never was considered a flight risk;

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED: Honolulu, Hawaii, 9 August 2006.

DAVID GLENN BETTENCOURT
Attorney for Defendant
JACOB LYMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR. NO. 03-1-00494-02 SOM |
| ) | |
| Plaintiff, ) | CERTIFICATE OF SERVICE |
| vs. ) | |
| ) | |
| JACOB LYMAN       (02) ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date set forth below, a copy of the foregoing was duly served upon the parties set forth below, in the manner described below:

|  | Hand Delivered | Mailed Postage Pre-Paid |
|---|---|---|
| TO: MR. CHRIS A. THOMAS<br>Assistant U.S. Attorney<br>Room 6100, Prince Jonah K. Kuhio Bldg.<br>300 Ala Moana Blvd., Box 50183<br>Honolulu, Hawaii 96850<br>Attorney for the Plaintiff | ( XX ) | ( ) |

DATED: Honolulu, Hawaii, 9 August 2006

DAVID GLENN BETTENCOURT
Attorney for Defendant
JACOB LYMAN