FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 11 2006

at 4 o'clock and 10 min. P M
SUE BEITIA, CLERK

LAND COURT SYSTEM                                    REGULAR SYSTEM
AFTER RECORDATION, RETURN BY MAIL (XXX)              PICKUP ( )   TO:

David Glenn Bettencourt
735 Bishop Street, Suite 425
Honolulu, Hawaii 96813                    CR- 03-00494
Phone: 521-3491                                SOM -02

---

TITLE OF DOCUMENT:

SECOND SECURED MORTGAGE

---

PARTIES TO DOCUMENT:

MORTGAGOR:     KENNETH JOSEPH LYMAN

MORTGAGEE:     CLERK, UNITED STATES DISTRICT COURT

---

PROPERTY DESCRIPTION:

LOT THIRTY THREE (33), area 13,125 square feet more of less, of the "DUNCAN TRACT SUBDIVISION", as shown on File Plan No, 409, filed in the Bureau of Conveyances of the State of Hawaii on 2 April 1945, at Waikalua, Kaneohe, District of Koolaupoko, City and County of Honolulu, State of Hawaii

TMK 4-5-043-042

---

LIBER:          PAGE:

TRANSFER CERTIFICATE OF TITLE NO.:
LAND COURT DOCUMENT NO.:

SECOND SECURED MORTGAGE

KNOW ALL MEN BY THESE PRESENTS:

That Kenneth Joseph Lyman, whose residence and mailing address is 45-541 Duncan Drive, Kaneohe, Hawaii 96744 hereinafter called the "Mortgagor, " in order to secure the Appearance Bond in the amount of $200,000.00, said being the property bond ordered to secure the appearance of Defendant Jacob Lyman in the case entitled United States of America v. Chang, et. al., Cr. No. 03-1-00494-02 SOM now pending in the United States District Court for the District of Hawaii, do hereby assign, transfer, set

over and deliver unto the CLERK, UNITED STATES DISTRICT COURT, whose principal place of business and post office address is 300 Ala Moana Blvd., Honolulu, Hawaii, 96850, hereinafter called the "Mortgagee, " his successors and assigns, all of his right, title and interest up to the value of $200,000.00 in the property described in Exhibit A attached hereto and made a part hereof, subject, however, to any encumbrances which may be noted therein.

TO HAVE AND TO HOLD the same, with all buildings and improvements, now and hereafter being thereon, and all rights, easements, privileges and appurtenances thereto belonging, and the rents, issues and profits thereof, unto Mortgagee, its successors and assigns, forever.

AND, the Mortgagor does hereby covenant with the Mortgagee as follows:

That until such time, he will pay all mortgages, taxes, assessments and charges of every kind, to whomever assessed or chargeable whether on the mortgaged property or any interest therein or income therefrom, without any allowance or deduction whatsoever on account thereof from any amount due under or secured by this Mortgage.

That he will keep the improvements upon the mortgaged property insured against fire (it being agreed and conditioned that, in event of loss or damage, the proceeds of insurance shall be applied to rebuilding or repairing of damage).

That he will keep the mortgage property in good condition and repair, and comply with all laws, rules and regulations made by governmental authorities and applicable thereto, and not commit or suffer any strip, waste or any unlawful, improper or offensive use of said property, or any other act or negligence whereby the same or any interest therein shall become liable under any lien or to seizure or attachment on mesne or final process of law, in bankruptcy or otherwise, or whereby the security hereof shall be impaired or threatened.

That upon any failure of the Mortgagor to observe or perform any covenant or condition of this Mortgage, or if any suit, proceeding or other contingency shall arise or be threatened relating to any of the mortgaged property, the Mortgagee may at the Mortgagee's option make any advance or incur such expenses or otherwise act as may in the Mortgagee's judgment seem advisable to protect the security of the Mortgagee hereunder (without impeachment of the invalidity of any tax, assessment, rate, encumbrance or charge paid in such behalf by the Mortgagee).

That all advances, costs or expenses which the Mortgagee may make, pay or incur under any provision of this Mortgage, for the protection of the security of the Mortgagee or any of the Mortgagee's rights in connection with the mortgaged property, shall be paid by the Mortgagor to the Mortgagee upon demand and bear interest until paid at the rate of ten percent (10%) per annum, all of which obligations shall be additional charges upon the mortgaged property and be equally secured thereby.

PROVIDED, HOWEVER, if the terms and conditions of the Appearance Bond shall have been faithfully observed and performed by Jacob Lyman then in such event, this mortgage shall become null and void.

But if the terms and conditions of the aforementioned Appearance Bond are not observed and performed by the aforesaid Jacob Lyman the Mortgagee may foreclose this Mortgage by civil action, with the immediate right to a receivership pending foreclosure, or, as now provided by law, either by entry and possession, or (with or without entry and possession) by advertisement and sale of the mortgaged property or any part or parts thereof at public auction, and may in its own name or as the attorney in-fact of the Mortgagor, for such purpose hereby irrevocably appointed, effectually convey the property so sold to the purchaser or purchasers absolutely and forever, and any foreclosure shall forever bar the Mortgagor and all persons claiming under the Mortgagor from all right and interest in the property, at law and in equity; and out of the proceeds of any foreclosure sale, the Mortgagee may deduct all costs and expenses of foreclosure and/or suit, and retain or be awarded all sums then payable by or chargeable under the terms of the aforementioned Appearance Bond rendering to the Mortgagor the surplus, if any. If such proceeds shall be insufficient to discharge the same in full, the Mortgagee may have any other legal recourse against the Mortgagor for the deficiency.

IT IS ALSO AGREED that the Mortgagee or any person on its behalf may purchase the mortgaged property at any foreclosure sale, and no other purchaser shall be answerable for the application of the purchase money; that until any such property and receive the rents and profits thereof; that the terms "advances," "costs," and "expenses" wherever used herein shall include reasonable attorney's fees whenever incurred; and that these presents shall be equally binding upon and insure to the benefit of the legal representatives and successors in interest of the parties hereto respectively.

In all respects and at all times during the continuance of this mortgage and any other prior mortgage covering the mortgaged property, the Mortgagor will well and faithfully observe and perform all the covenants and conditions thereof to prior mortgages and will prevent any foreclosure thereof, it being understood that during the continuance of all prior mortgages, the observance of all provisions regarding payment to and reserve fund for taxes, assessments, lease rents, and insurance premiums, exercise of voting rights, if any, and insurance on improvements on the mortgaged property shall be deemed a compliance to that extent with the requirements of this Mortgage as to payment to a reserve fund, exercise of voting rights, if any, and insurance, and all insurance on the mortgaged property shall be for the benefit of the Mortgagee hereunder, subject only to any just rights and claims under the prior mortgages.

IN WITNESS WHEREOF the Mortgagor has caused this instrument to be duly executed this 10th day of August 2006

_____
Kenneth Joseph Lyman
"Mortgagor"

3